IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER RIDER,

    Plaintiff,                         CV F 07 1861 OWW WMW PC

    vs.                             ORDER GRANTING LEAVE TO
                                   FILE AN AMENDED COMPLAINT

                                   (THIRTY DAY DEADLINE)

JAMES YATES, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at High Desert State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley Stat Prison. The events that give rise to this lawsuit occurred while Plaintiff was housed at Pleasant Valley.

       Plaintiff's claim in this complaint is that he was denied the free exercise of his religious belief in violation of the First Amendment to the U.S. Constitution. Plaintiff names the following defendants: Warden James Yates; A. Santos; Lt. Herrera; Sgt. J. Duty.

       Specifically, Plaintiff alleges that on July 17, 2007, Defendant Santos entered Plaintiff's

cell, and proceeded to Plaintiff's altar "and proceeded to take my chalice apart." Santos informed Plaintiff that the chalice was a hobby craft. An "unknown officer" told Plaintiff that he could confiscate his prayer rug, as it was a fixture on Plaintiff's altar. Plaintiff advised both officer that he was allowed to possess both the chalice and a prayer rug for religious reasons. Defendant Sergeant McBride directed Santos to take the chalice but to leave the prayer rug.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The only specific conduct charged to Defendant Santos is that he took Plaintiff's chalice apart. As to Defendant McBride, Plaintiff alleges that he directed officers to remove Plainitff's chalice. As to the remaining defendants, Plaintiff fails to allege any conduct. Plaintiff is advised that in order to hold a defendant liable, he must charge that defendant with conduct that constitutes the deprivation of a protected interest.

As to defendant Warden Yates, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that Yates participated in, or knew of and failed to prevent, the alleged wrongs.

Plaintiff has stated a claim for relief as to Defendant Sergeant McBride. As to the remaining defendants, Plaintiff has failed to allege facts stating a claim for relief. Plaintiff will be granted leave to file an amended complaint. Should Plaintiff fail to do so, this action will proceed against Defendant McBride, and the court will send to Plaintiff the forms for service of process upon Defendant McBride by the U.S. Marshal.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:   May 1, 2008**              /s/  **William M. Wunderlich**
                                              UNITED STATES MAGISTRATE JUDGE