# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER, | CASE NO. 1:07-cv-01861-GSA- PC |
| Plaintiff, | ORDER DISMISSING DEFENDANTS YATES AND DUTY |
| v. | |
| JAMES A. YATES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). Pending before the Court is the first amended complaint, filed in response to an order granting Plaintiff leave to file an amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

1  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
2  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
3  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
4  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
5  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
6  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

7       Plaintiff, an inmate in the custody of the California Department of Corrections and
8  Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility at Corcoran (SATF),
9  brings this civil rights action against defendant correctional officials employed by the CDCR at
10 Pleasant Valley State Prison (PVSP). The events that give rise to this lawsuit occurred while
11 Plaintiff was housed at PVSP. Plaintiff names the following individual defendants: Warden James
12 Yates; Correctional Officer (C/O) A. Santos; Lieutenant Herrera; Sergeant McBride; Sergeant Duty.
13 Plaintiff claims that defendants interfered with Plaintiff's ability to freely exercise his religious
14 beliefs. Specifically, Plaintiff alleges that defendants improperly confiscated a religious item.

15      Plaintiff alleges that on July 17, 2007, Defendant Santos, while performing a lockdown
16 search, entered Plaintiff's cell, proceeded to a pagan altar that Plaintiff had set up on his desk, "and
17 proceeded to take my chalice apart." (Am. Compl. ¶ IV.) Santos advised Plaintiff that the altar was
18 considered a hobby craft. Santos told Plaintiff that he needed a hobby craft card in order to possess
19 hobby crafts. Plaintiff informed Santos "that he was allowed to have the chalice as a part of my
20 religion and that it was a religious artifact." (Am. Compl. p. 5.) An unidentified officer told
21 Plaintiff that his rug could be confiscated, as it was a fixture on Plaintiff's altar. Plaintiff informed
22 both Santos and the unidentified officer that he was allowed to possess both the chalice and a prayer
23 rug for religious reasons. Defendants Santos, McBride and Duty met with Plaintiff at the podium
24 area. Sgt. McBride directed Santos to take the chalice but leave the rug, as "he wasn't sure that I
25 could have it." Id.

26      Plaintiff filed an inmate grievance and also sent a request for an interview to the Acting
27 Warden, Defendant Yates. Plaintiff waited 15 days for a response to his inmate grievance. Ten days
28 later, Plaintiff saw Defendant Santos when he returned to work on Plaintiff's yard. Plaintiff asked

him if he would respond to the inmate grievance. Santos replied that he had give in to Lt. Herrera, and that Herrera informed him that "he would take care of it." Id. Two days later, Plaintiff spoke to Herrera. Herrera advised Plaintiff that he "knew about the discrimination that was going on that he'd been advised of it from other inmates, but he wasn't going to do anything about it, that he was always going to ride with his staff." Id.

**Supervisory Liability**

Plaintiff names as a defendant Warden James Yates. The only conduct charged to Defendant Yates is that Plaintiff filed an inmate grievance and a request for interview with Defendant Yates. Plaintiff alleges no other facts as to Defendant Yates.

In the prior screening order granting Plaintiff leave to file a first amended complaint, Plaintiff was advised that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that Yates either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." Id. Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. Id.

Here, Plaintiff alleges, at most, that he sent a request for interview and an inmate grievance

to Warden Yates. There are no facts alleged to support Plaintiff's conclusory allegation that Yates knew of and failed to prevent the destruction of Plaintiff's chalice. There are no facts alleged which, taken as true, indicate any personal involvement on the part of Warden Yates. He should therefore be dismissed from this action.

**Defendant Duty**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

The only conduct charged to Sergeant Duty is that he was present at the podium and that he was a part of the conversation with Sergeant McBride, and that he indicated to Plaintiff that he did not care about his rights. Plaintiff specifically alleges that Sergeant McBride directed Defendant Santos to remove the chalice but leave the prayer rug. Plaintiff contends that Duty is liable, as he was present and he participated in other cell searches in the past.

"A person deprives another of a constitutional right," within the meaning of section 1983, "where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to

have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

"The causation requirement of sections 1983 and 1985 is not satisfied by a showing of mere causation in fact." Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). "Rather, the plaintiff must establish proximate or legal causation." Id. "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). The standard for causation closely resembles the standard "foreseeability" formulation of proximate cause. Arnold, 647 F.2d at 1355.

Here, Plaintiff alleges that Sergeant Duty was present during the discussion, and witnessed Sergeant McBride direct C/O Santos to take the chalice. There are no facts alleged indicating direct participation by Defendant Duty. The only conduct directly charged to Duty is that he verbally indicated to Plaintiff that he did not care about his rights. Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff has not alleged any facts indicating that Duty engaged in any conduct that caused actionable harm to Plaintiff.

In the order granting leave to file a first amended complaint, Plaintiff was advised of the deficiencies in the original complaint and granted an opportunity to correct those deficiencies. Because Plaintiff has failed to correct the deficiencies as to Defendants Yates and Duty, the Court will dismiss these defendants for Plaintiff's failure to state any claims against them. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that Defendants Yates and Duty are dismissed from this action. This action proceeds on the first amended complaint against Defendants Herrera, Santos and McBride.

1  IT IS SO ORDERED.

2  Dated:     **June 15, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE