# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER,<br><br>          Plaintiff,<br><br>   v.<br><br>A. SANTOS, et al.,<br><br>          Defendants. | NO. 1:07-cv-01861 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATION RE DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(ECF No. 41)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). Plaintiff has opposed the motion.

**I.     Procedural History**

This action proceeds on the June 12, 2008, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this action against Defendants Santos, Herrera and McBride, employees of the CDCR at Pleasant Valley State Prison (PVSP), where the events at issue in this lawsuit occurred. Plaintiff claims the Defendants prevented him from the free exercise of his religious beliefs in violation of the First Amendment ant the Religious Land Use and

Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA).

**II.     Defendants' Motion**

Defendants seek to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  Defendants argue that Plaintiff is barred from proceeding in forma pauperis because he had three prior actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted.   Plaintiff is therefor subject to section 1915(g) and precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . .under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury."

Defendants support their motion with copies of orders entered in the United States District Court for the Northern District of Indiana, South Bend Division.  Defendants' Exhibit D-2 is a copy of a memorandum and order entered on July 16, 2003,  in Christopher Scott Rider v. Steven Allen Rider, case number 3:03-CV-0472 RM.[1]  The memorandum and order indicates that Plaintiff filed the action pursuant to 42 U.S.C. § 1983.  The court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that a court must sua sponte dismiss an in forma pauperis suit at any time if the court determines that it is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.  Defendants' Exhibit E-2 is a similar order entered on July 7, 2003,  in Christopher Scott Rider v. Timothy Wayne Kelley, 3:03-CV-0474 RM and Defendants' Exhibit F-2 is a similar order entered on July 8, 2003,  in Christopher Scott Walker v. Tracy Lynn

---

[1] The court may take judicial notice of court records in another case.  Fed.R.Evid. 201; see United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980) (stating that a court may take judicial notice of court records in another case).

2

Vanater, 3:03-CV-0473 RM.  All three cases were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with a written memorandum and order finding that Plaintiff failed to state a claim on which relief may be granted.

The facts alleged in this case fail to satisfy the exception set out in § 1915(g).  Plaintiff alleges that Defendants deprived him of certain religious items.  There are no facts alleged indicating that Plaintiff was, or is, subject to imminent danger of serious physical injury.  As noted, the Court may take judicial notice of court records.  Plaintiff had three actions dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff is therefore not entitled to proceed in forma pauperis.

### III. Plaintiff's Opposition

In his opposition, Plaintiff does not contest the validity of the underlying "strikes," nor does Plaintiff argue that the facts alleged in this case satisfy the imminent danger exception of 1915(g).  Plaintiff argues that Defendants have not offered any proof that Plaintiff is the same Christopher Scott Rider that filed the cases relied on as strikes.  Plaintiff also contends that his opposition, filed under the penalty of perjury, indicates that "he filed no such suits, and has no knowledge of the filing there of [sic]."  Plaintiff also argues that "Another inmate may have gotten a copy of the plaintiff's handwriting of the plaintiff and forged the suites [sic] using the handwriting of the plaintiff . . ."   In sum, Plaintiff's argument appears to be that because he stated under penalty of perjury that he did not file the lawsuits referred to in Exhibits D-2, E-2 and F-2, he has submitted evidence that he has not suffered three "strikes" within the meaning of the PLRA.

Federal Rule of Civil Procedure 11 (b)(3) requires that an attorney or unrepresented party certify that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Plaintiff argues that Defendants' motion should be denied

because they have not proven that Plaintiff filed the complaints at issue.

Defendants argue that they performed a reasonable investigation into Plaintiff's litigation history by searching the federal court records for lawsuits filed by Christopher S. Rider, and verified Plaintiff's identity by matching his CDC inmate number on the complaints. The Court notes that the complaints referred to in Exhibits DC-2, E-2 and F-2 were filed by a Christopher S. Rider, CDC number P-96108, the same Plaintiff and CDC number as the Plaintiff in this case. Plaintiff offers no evidentiary support for his argument that somebody else filed the lawsuits. The certification required by Rule 11(b) contemplates that the person presenting the factual contention or denial thereof has conducted a prefiling examination of the facts that is reasonable under the circumstances. Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986). The Court finds that defense counsel has conducted an examination of the facts that is reasonable under the circumstances.  The investigation established that inmate Christopher S. Rider, CDC number P-96108, filed this lawsuit and the lawsuits relied on as "strikes."

Plaintiff contends that Defendants should perform a more in-depth investigation or authenticate the identity of the filer in those lawsuits. The Court finds Plaintiff's argument to be without merit, and his factual contention that he is not the filer of the previous lawsuits unsupported by any evidence. Defendants persuasively argue that it is unlikely that Plaintiff's factual contention will gain evidentiary support after further investigation of the identity of Christopher S. Rider, CDC number P-96108. As noted above, the Court has taken judicial notice of the court records reflecting lawsuits filed by Christopher S. Rider, CDC number P-96108.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status be granted, and Plaintiff be directed to submit the $350.00 filing fee, in full, or suffer dismissal of this action for failure to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 15, 2011**         **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

5